## Christian Hemm, Barbara M. Hemm, Daniel Hemm, Solomon Hemm, Maggie O. Oehler, and Daniel Hemm, as the Administrator of the Estate of Martin Hemm, v. Alexander Small, Thomas Small and Henry M. Hopkins.

1. MORTGAGEE—*A Purchaser at His Own Sale.*—Where a complainant, in a proceeding to foreclose a mortgage, buys in the premises at a master's sale, he is to be treated the same as any other purchaser, and is liable to account for all he realizes out of the foreclosure over and above the indebtedness due him.

Memorandum.—In equity.   Appeal from the Circuit Court of Kendall County; the Hon. CLARK W. UPTON, Judge, presiding.   Hearing upon a creditor's bill and decree for defendant.   Heard in this court at the May term, 1894.   Reversed with direction.   Opinion filed December 13, 1894.

J. M. RAYMOND and ALSCHULER & MURPHY, solicitors for appellants.

M. O. SOUTHWORTH, solicitor for appellees.

MR. JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is a creditor's bill filed by appellees, who recovered judgment against Alexander Small in 1890, aggregating about $3,000, and have been unable by the usual process of execution to obtain satisfaction.

The bill charges that Alexander Small, at one time the owner of and in possession of a valuable tract of land and a large amount of personal property, has fraudulently disposed of the same, so as to defeat complainant in the collection of their debts, and more particularly that he, without consideration, disposed of a certain real estate mortgage for the sum of $4,000 to his son-in-law, Henry M. Hopkins, who foreclosed the same and realized on a sale by the master in chancery of the premises, $4,325.11.

Small and Hopkins filed answers denying fraudulent transfer of property, etc., and over that the mortgage above mentioned was assigned for full consideration.

Upon a hearing the court found for the defendant and dismissed the bill.

There is no mooted question of law involved.   The evidence covers a large range.   We do not care to consider in this opinion other of it than that which related to the $4,000 mortgage.

It appears that the mortgage was a second mortgage given by James W. Small to Alexander Small to secure $4,000, borrowed money.   Alexander, having occasion to borrow money in bank at Aurora, deposited this mortgage as collateral security.   It stood as collateral for several

years, until June, 1888, when the bank, to which he owed $3,000, demanded additional security. Whereupon he procured Hopkins to become his security for the $3,000 by signing a note with him, and to make Hopkins safe, assigned the James Small note and mortgage for $4,000 to Hopkins. Small kept the interest on the $3,000 note paid, but Hopkins eventually paid the principal and filed his bill to foreclose the mortgage, and the mortgaged premises were sold by the master in chancery (subject to a first mortgage) for $4,325.11, net. Hopkins was the purchaser.

There were other transactions between the parties, but they seem to have little connection with this one. At all events, Hopkins was liable to respond to all he realized out of the foreclosure proceeding over and above the $3,000 paid by him to the bank.

But it is insisted that as this mortgage was a second one, and Hopkins was compelled to pay large sums as interest on the first mortgage (over $1,000), that should be added to the $3,000 paid as a set-off against the $4,325.11.

We do not think so. Hopkins must be regarded as any other purchaser. The amount bid by him at the master's sale must be regarded as that much cash received by him. He must be regarded as bidding with the first mortgage in view, and to have regulated his bid accordingly. When he paid interest on and bought in the first mortgage, he was simply removing a prior incumbrance for the benefit of his own prospective title. The first mortgage was given to secure the debt of James Small—not Alexander Small.

The court should have found for appellants and rendered a money decree against Hopkins for the difference between the amount paid by him on the $3,000 note and the net proceeds of the master's sale of the mortgaged premises. The decree will be reversed, with directions to the Circuit Court to render a decree as indicated.